IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rodell Fletcher, | ) | C/A No.: 3:21-226-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Department of Justice, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on motion filed by Rodell Fletcher ("Movant") to challenge the Department of Justice's ("DOJ") access to certain financial records. [ECF No. 1]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, Movant's motion is denied.

I.      Factual and Procedural Background

This action arises out of the DOJ's investigation of Movant who is employed as a human resource specialist by the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"). [*See* ECF No. 8-1 ¶ 3]. The DOJ has submitted a declaration by Lonnie Davis ("Davis"), a senior special agent with the DOJ's Office of Inspector General ("OIG"). *See id.* Davis declares an investigation was opened concerning Movant following receipt by the BOP of (1) allegations

that, among other things, Movant "provided Inmate 1 contraband items and was involved in an inappropriate relationship with Inmate I" and (2) certain materials provided by Inmate 2, provided in hopes of getting his sentence reduced, including a picture of a Netspend Visa debit card with the name on the card of Ruth Hawkinson along with other identifying information. *Id.* ¶ 4.

Davis interviewed Inmate 1 and Inmate 2 who both stated that Inmate 1 paid Movant through Netspend to introduce contraband items into FCI-Edgefield. *Id.* ¶ 5. Inmate 1 stated that Movant provided Inmate 1 with contraband items that included batteries, earbuds, the drug known as "K2," and cigarettes and indicated an intimate relationship occurred between them. *Id.* Inmate 2 provided two possible names for Movant's Netspend username. *Id.* Davis declares as follows:

> In order to further the DOJ OIG's investigation, the DOJ OIG's subpoena seeks from Netspend, for the period August 1, 2018 to March 31, 2020, all records, including the account profile, relating to [the] Netspend account [at issue], and the username[s provided by Inmate 2]. The subpoena seeks these records to determine whether they contain additional evidence that Fletcher engaged in criminal activity.

*Id.* ¶ 8.

On May 3, 2021, Movant filed the instant motion for an order to quash the subpoena issued to Netspend pursuant to 12 U.S.C. § 3410 and a sworn statement stating that the financial records sought by the DOJ are not relevant to a legitimate law enforcement inquiry in that:

2

The Subpoena attached to the Customer Service Notice seeks account information for a Netspend account that is not mine, and does not have my name attached to it. I do not have a Netspend account, and am not a customer of Netspend.

[The] Account Number [at issue] is not my account. I do not know a Ruth Hawkinson, identified as being associated with the account. Because the account as being relevant to the law enforcement purpose is not mine and is not associated with me, there is nothing that indicates my financial records are relevant to the law enforcement inquiry identified.

[ECF No. 1-1, *see also* ECF No. 1].

On May 4, 2021, the court issued an order directing movant to file a copy of the relevant subpoena by May 25, 2021, so that the court could fully review his motion. [ECF No. 4]. Movant failed to do so. On May 17, 2021, DOJ filed a response to Movant's motion. [ECF No. 8].

II.    Discussion

A.    Standard of Review

A financial institution's customer "may file a motion to quash an administrative summons or judicial subpoena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request." 12 U.S.C. § 3410(a). Such a motion must contain an affidavit or sworn statement providing the following:

(1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and

(2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

*Id.* The court must deny the motion if it finds "that the applicant is not the customer to whom the financial records sought by the Government authority pertain, *or* that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C. § 3410(c) (emphasis added).

B.    Analysis

Here, the motion is denied for two separate reasons. First, Movant has affirmatively sworn that he is not a customer of Netspend and does not have a Netspend account. [ECF No. 1-1]. Thus, Movant's sworn statement fails to satisfy 12 U.S.C § 3410(a)(1) because it does not state that he "is a customer of the financial institution from which financial records pertaining to him have been sought." *Cf. Anomnachi v. SSA OIG*, 290 F. Supp. 3d 30, 33 n.2 (D.D.C. 2017) ("Anomnachi states that he opened and operated the bank account at issue in connection with his role as guardian for an incapacitated person, and asserts on that basis that he is 'not the customer whose records are being required by the government.' Anomnachi's own statement would therefore appear to provide a separate basis for the Court to deny the motion. Nonetheless, the undisputed facts contained in his affidavit appear to show

4

that he is, in fact, a 'customer' within the meaning of the RFPA.") (citations omitted).

Additionally, there is a demonstrable reason to believe the law enforcement inquiry is legitimate and a reasonable belief the records sought are relevant to that inquiry. *See* 12 U.S.C. § 3410(c). The subpoena was issued in connection with a legitimate law enforcement inquiry; the statute defines "law enforcement inquiry" as "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statutes or any regulation, rule or order issued pursuant thereto." 12 U.S.C. § 3401(8). Here, the OIG issued the subpoena in connection with its investigation of allegations that Movant, a DOJ employee, employed by the BOP at FCI-Edgefield, provided contraband items to an inmate in exchange for monetary compensation. The allegations pertaining to Movant, if substantiated, could subject him to criminal prosecution for potential violations of, among other statutes, 18 U.S.C. § 1791 (contraband smuggling) and 18 U.S.C. § 201 (bribery).

The Inspector General Act of 1978 mandates OIGs to "conduct, supervise, and coordinate audits and investigations relating to the programs and operations" of the relevant agency. 5 U.S.C. app. 3, § 4(a)(1). The DOJ OIG may, with exceptions not pertinent here, "investigate allegations of criminal wrongdoing or administrative misconduct by an employee of the

Department of Justice." 5 U.S.C. app. 3, § 8E(b)(2). In the furtherance of these duties, OIGs have the authority to issue subpoenas for the production of necessary records. 5 U.S.C. app. 3, § 6(a)(4).

Further, the records sought are relevant to this legitimate law enforcement investigation, and Movant does not argue otherwise, arguing only that the records are not his. Here, however, Inmate 1 and Inmate 2 have told the OIG that Inmate 1 paid Movant through Netspend to introduce contraband items into FCI-Edgefield. *Cf. Allen v. United States Dep't of the Interior*, C/A No. 2:16-MC-470-PMD, 2016 WL 7451139, at *1 (D.S.C. Dec. 28, 2016) (finding bank records relevant to a legitimate law enforcement inquiry).

III.    Conclusion

For the foregoing reasons, Movant's motion challenging the DOJ's access to the relevant financial records is denied. [ECF No. 1].

IT IS SO ORDERED.

June 2, 2021                          Shiva V. Hodges
Columbia, South Carolina             United States Magistrate Judge

6